**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-81393-STRAUSS**

**MICHAEL GELLERT,**

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

_________________________________________/

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"). However, the IFP Motion contains contradictory and therefore insufficient information. Accordingly, the IFP Motion will be denied without prejudice.

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 3] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need

not be “absolutely destitute.” *Id.* Accordingly, a court must compare “the applicant’s assets and liabilities in order to determine whether he has satisfied the poverty requirement.” *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App’x 916, 917 (11th Cir. 2014).

Here, the Court will deny the IFP Motion without prejudice based on the contradictory information provided. The following examples are illustrative of the inconsistencies. First, the IFP Motion indicates that Plaintiff has a “[t]otal monthly income” of $0.00 but separately lists an average monthly income of $11,000 over the last year ($6,500 from employment and $4,500 from retirement). *See* [DE 3] at 1-2; *see also id.* at 5 (identifying “ss check” as one source of income). Second, Plaintiff states that he is disabled and unable to work but elsewhere lists an average monthly income from his employment, along with employers for 2025 and 2026, without explaining when he became disabled. *Id.* at 1-2, 5. Third, Plaintiff includes a variety of average monthly expenses (e.g., $800 for rent or home-mortgage payment, $200 for utilities, $1,000 for home maintenance, and $6,500 for medical and dental expenses) but only lists $1,900 for total monthly expenses. *Id.* at 4-5. Fourth, Plaintiff identifies a motor vehicle as an asset but does not indicate that he has any transportation expenses. *Id.* at 3-4. Fifth, many of the boxes include a handwritten figure along with a typed figure that is different from the handwritten figure, making it difficult to discern what the correct entry is supposed to be.[1] *See generally id.*

Still, the Court is cognizant of Plaintiff’s explanation that he is disabled, unable to work due to injuries, and seemingly has very limited funds. *See id.* at 5. None of the above is meant to suggest that Plaintiff cannot show indigency for purposes of proceeding *in forma pauperis*. Instead,

[1] The Court has assumed for purposes of this order that the handwritten figures are the correct ones. Yet the Court cannot definitively rely on those figures without further explanation.

the Court's analysis is only meant to explain why the Court cannot grant the IFP Motion in its current form.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's IFP Motion [DE 3] is **DENIED WITHOUT PREJUDICE**.

2. On or before **October 28, 2026**, Plaintiff shall either (1) pay the filing fee or (2) file a renewed IFP Motion that corrects the above deficiencies and more adequately explains Plaintiff's financial condition. Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of October 2026.

Jared M. Strauss
United States Magistrate Judge